## TERRITORY *v.* CHENOWITH.

### Filed January 17, 1885.

1. CRIMINAL LAW—MOTION FOR NEW TRIAL—PRESENCE OF ACCUSED.
   While it would be error in a case of felony to proceed with the trial in the absence of the accused, yet, after verdict and before sentence, it is now the universal rule that the prisoner need not be present at the hearing of a motion for a new trial.

2. SAME—TRIAL OF CASE—SEPARATION OF JURY.
   Even in cases of capital felony it is in the sound discretion of the court as to whether the jury may be permitted to separate, during the trial, before the case has been given in charge to them.

Appeal from Third judicial district court, Grant county.

*William Breeden,* for appellee.

*John J. Bell,* for appellant.

BELL, J. The defendant was convicted at the July term of the district court for Grant county of the crime of assault with intent to murder, and sentenced to the penitentiary for two years. The record shows that a motion for a new trial was argued and overruled while the prisoner was absent, being, at the time, in custody and in jail. This motion was denied, and afterwards the order denying the same was set aside, and counsel was directed to renew the motion for a new trial while the prisoner was present in the court. This was done, and the motion was again denied.

It is claimed that the court erred in hearing the motion for a new trial during the absence of the defendant, as above stated, and that the error was not cured by setting aside the order which had been made in his absence, and causing the motion to be reheard in his presence. We think that it was not error for the court to hear the motion for a new trial in the absence of the prisoner. While it would be error, in a case of felony, to proceed with a trial in the absence of the prisoner, yet, after verdict and before sentence, it is now the universal rule that the prisoner need not be present. In 1 Bish. Crim. Proc. § 276, the rule is stated as follows: Between the verdict and sentence "it is not necessary that the prisoner be at any time personally present in court, even where the offense of which he stands convicted is a capital one." "His counsel," it is added, "may ask for a new trial in his absence;" and authorities are cited to sustain this rule. The right of the prisoner to be present during his trial is based upon his constitutional right to be confronted with his accus-

ers, and to have an opportunity to see and examine the jurors by whom he is to be tried. After verdict, when mere matters of law affecting the trial, which has ended, are to be discussed, there is no reason for his presence. As Bishop rightly says, in discussing this question: "Yet it may be suggested, as a general proposition, resting rather in the reason of the thing than in any precise light of adjudication, if there is to be adjudged a mere matter of law before the court, there is no reason why it should not be done in the absence of the prisoner."

This is now, we believe, the universal rule both in England and the United States. It might as well be said that the prisoner would be entitled to be present at the argument of his case in the appellate court, as that he should be present at the argument of a naked question of law which arose upon a motion for a new trial, which is based upon substantially the same grounds as an appeal to a higher court.

It is further claimed, as error in this case, that after the jury were impaneled, and during the day upon which the case was tried, they were permitted to separate, during the noon recess, without being accompanied by a sworn officer. It appears that after the evidence was in, and before the arguments of counsel and instructions of the court, that the jurors were permitted by leave of the court, and after being carefully admonished to permit no one to address them on the subject of the trial, to separate during the dinner hour. This was not error. It is a rule of practice universally adopted both in this country and in England. In capital cases, there is, in some of the states, either a statute or a rule of practice requiring the jury to be kept together. But the well-settled doctrine in substantially all the states of the Union, as well as in England, now is, that even in cases of capital felony it is in the sound discretion of the court as to whether the jury, during the trial, may be permitted to separate. It would have been different had the jury been permitted to separate without leave of the court after the case had been given to them in charge, and before the rendition of their verdict. But even in such case, before a verdict will be set aside, it must be shown that the prisoner was in some way prejudiced by the separation. The judgment is affirmed.

AXTELL, C. J., and WILSON, J., concur.